IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | |
|---|---|
| EDWIN MITCHELL PIRELA, ) | |
| ) | |
| Petitioner, ) | Case No. 2:08-CV-651 TS |
| ) | |
| v. ) | District Judge Ted Stewart |
| ) | |
| SCOTT CARVER et al., ) | **MEMORANDUM DECISION** |
| ) | |
| Respondents. ) | |

_____

Petitioner/inmate, Edwin Mitchell Pirela, requested habeas corpus relief in this case.[1]  Because Petitioner appeared to have filed his petition past the applicable period of limitation, the Court ordered him to show cause why his petition should not be denied.

Petitioner responded, essentially urging the Court to apply equitable tolling to excuse his late filing.  Specifically, he argues that he suffers from brain damage and he was stymied by "lockdowns."

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[2]  Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a

---

[1] *See* 28 U.S.C.S. § 2241 (2009).

[2] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[3]  And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[4]

Against the backdrop of these general principles, the Court considers Petitioner's particular arguments.  First, Petitioner's contention regarding his mental capacity must fail because it does not involve an external situation.  Simply put, Petitioner's mental status does not implicate an "exceptional circumstance" supporting equitable tolling.[5]

Next, the Court rejects lockdowns as a basis for equitable tolling.  As the Court noted in its Order to Show Cause, Petitioner did not file his federal challenge to the BOP's rescission of his parole until six years after the decision. Petitioner has not specified the lockdown dates (and surely was not in lockdown for six years straight) and exactly how they thwarted timely habeas filings.

During the running of the federal period of limitation and some five years beyond, Petitioner took no steps himself to

---

[3] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005).

[4] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

[5] *See McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005) (unpublished) (holding assertion of brain damage did not warrant equitable tolling); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) ("[T]he Tenth Circuit has never held that mental incapacity tolls the statute of limitations.").

"diligently pursue his federal claims."  In sum, none of the circumstances cited by Petitioner qualify as extraordinary, rendering it beyond Petitioner's control to timely file his petition here.

IT IS THEREFORE ORDERED that the habeas petition here is DENIED.  This case is CLOSED.

IT IS FURTHER ORDERED that the two outstanding motions in this case are DENIED as moot.[6]

DATED this 27th day of August, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] *See* Docket Entry #s 4 & 8.